FILED

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA  99 JAN 26 PM 4: 13
MIDDLE DIVISION

U.S. DISTRICT COURT
N.D. OF ALABAMA

| | |
|---|---|
| ANTHONY CULVER, )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>THE HEIL COMPANY, )<br>)<br>Defendant. ) | CV 96-PT-2478-M<br>**ENTERED**<br>**JAN 2 6 1998** |

Memorandum Opinion

This cause comes on to be heard on a motion for reconsideration of this court's opinion and final judgment order of November 4, 1997, granting the defendant's motion for summary judgment and a request that an affidavit be timely filed, both filed by the plaintiff on November 19, 1997. In his motions, the plaintiff seeks to have this court reconsider its decision that the plaintiff failed to state a genuine issue of triable fact as to his ADA discrimination claim and his workers' compensation retaliation claim. To bolster both of these claims, the plaintiff seeks to have introduced before this court the affidavit of Dianne Gibson, obtained on November 18, 1997.

In Mays v. United States Postal Service, 122 F.3d 43, 46 (11th Cir. 1997), the Eleventh Circuit Court of Appeals explained that:

> [a] post-judgment motion may be treated as made pursuant to either Fed. R. Civ. P. 59 or 60—regardless of how the motion is styled by the movant—depending on the type of relief sought. Here, the relief sought was the setting aside of the grant of summary judgment, denial of the defendant's motion for summary judgment, and trial on the merits of the case. Thus, it is properly characterized as a Rule 59(e) motion to alter or amend the judgment, rather than a Rule 60 motion for relief from the judgment.

Although the plaintiff's motion is of the type that would be normally characterized as a Rule 59(e)

47

motion to alter or amend the judgment, the plaintiff failed to file his motion within the requisite ten day period after entry of the final judgment. See Fed. R. Civ. P. 59(e) (stating that "[a]ny motion to alter or amend . . . shall be filed no later than 10 days after entry of the judgment"). However, the plaintiff attempts to support his motion for reconsideration with newly discovered evidence, bringing his motion for reconsideration within the ambit of Rule 60(b).

Under Rule 60(b), the court may relieve a party from a final judgment or order on the grounds of "newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b). . . ."

> To prove a basis for relief under this rule, a party must demonstrate that (1) the evidence is newly discovered since the judgment was entered; (2) due diligence on the part of the movant to discover the new evidence has been exercised; (3) the evidence is not merely cumulative or impeaching; (4) the evidence is material; and (5) the evidence is such that is likely to produce a new outcome if the case were retried, or is such that would require the judgment to be amended.

Taylor v. Texgas Corp., 831 F.2d 255, 259 (11th Cir. 1987).

Pursuant to Local Rule 26.1, on December 12, 1996, the plaintiff provided to the defendant a list of the names and addresses of all individuals believed to have non-privileged information relevant to the litigation. Among the individuals listed by the plaintiff is "Diane Gibson, Heil has last known address." It is clear from this that the plaintiff knew of Ms. Gibson as a source of information. What is less clear is whether the plaintiff knew how to contact Ms. Gibson or what information Ms. Gibson possessed before the court entered final judgment. According to the plaintiff, he did not discover her whereabouts until November 13, 1997, after employment of a private investigator.

Further, the evidence presented by the defendant demonstrates due diligence on his part to locate Ms. Gibson. Two requests were apparently made by the plaintiff to the defendant that can be construed as an attempt to ascertain Ms. Gibson's whereabouts. The first occurred during a deposition of Ms. Shirley Payne, Heil's personnel manager. During the deposition, the plaintiff asked Ms. Payne if she knew of Ms. Gibson's whereabouts or whether she could determine Ms. Gibson's whereabouts. Ms. Payne responded that although she did not know where Ms. Gibson then lived, she could likely find the address in Ms. Gibson's personnel record. The plaintiff then requested that Ms. Payne provide him with Ms. Gibson's address through Heil's attorney. Ms. Payne agreed to do so. The address was not forthcoming.

The second request that the plaintiff claims was ignored was in Interrogatory 15 of the plaintiff's interrogatories to the defendant. It states:

> Please state the names, addresses and telephone numbers of any and all employees of this Defendant who were either terminated, resigned, retired, or quit employment with you for three (3) years prior to the Plaintiff's termination and, also, since the plaintiff was terminated.

Ms. Gibson left Heil in the middle of September, 1995. Although the defendant purportedly provided the plaintiff with a comprehensive list of all employees terminated from May 1, 1995 until December 1996, the address and phone number of Ms. Gibson was not included. Although the plaintiff apparently did not vigorously search for Ms. Gibson until late in the game, most of the fault behind the plaintiff's inability to find her is attributable to neglect by the defendant.

In the present case, the affidavit does not alter this court's conclusions as far as the ADA claim is concerned. Foreclosure of that claim was premised on the fact that no genuine issue of triable fact existed about whether the plaintiff was disabled under the ADA. Although Ms. Gibson's affidavit addresses Heil's treatment of disabled employees and employees obtaining workers' compensation, the plaintiff still does not fall into the category of those disabled under the statute and, therefore, cannot claim its protections, however Heil treats its disabled employees.

The situation is different for the plaintiff's claim of workers' compensation retaliation, however. According to Ms. Gibson, the personnel manager at Heil, the company had a practice of attempting to discourage workers' compensation claims by terminating them as promptly as possible or by placing certain employees, including the plaintiff, on light-duty status in order to build a file justifying eventual termination or lay-off. If this fact is true, it is sufficient to support a claim of workers' compensation retaliation.

For the foregoing reasons, the plaintiff's motion for reconsideration will be GRANTED in part and DENIED in part. As before, all of the plaintiff's claims not involving the workers' compensation retaliation claim will be DISMISSED. However, the final judgment order will be VACATED. The plaintiff may proceed to trial on his workers' compensation retaliation claim.

This 22nd day of January 1998.

ROBERT B. PROPST
SENIOR UNITED STATES DISTRICT JUDGE